IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JONATHAN E. ANDERSON | § | |
| v. | § | CIVIL ACTION NO. 6:05cv308 |
| WOOD COUNTY DETENTION CENTER, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Jonathan Anderson, a former inmate of the Wood County Jail proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights during his confinement in the jail. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Anderson complained that the floor drains malfunctioned and that he once slipped and fell in the water. He requested monetary damages and that a fine be imposed on the jail for "blatant negligence."

The Magistrate Judge ordered the Defendants to answer the lawsuit, which was done. On November 14, 2005, the Defendants filed a motion to dismiss the lawsuit for failure to state a claim and as frivolous. The Defendants argued that the Wood County Detention Center could not be sued because it had no separate legal existence, and that negligence is not a viable cause of action in Section 1983 actions. Anderson did not file a response to the motion.

On January 23, 2006, the Magistrate Judge issued a Report recommending that the Defendants' motion be granted and that the lawsuit be dismissed. The Magistrate Judge noted that

the Wood County Detention Center in fact has no separate legal existence, apart from Wood County. The Magistrate Judge also concluded that negligence does not state a cause of action under Section 1983, citing several cases in which inmates claiming injuries as a result of slip and fall incidents were denied relief in federal court. The Magistrate Judge therefore recommended that the lawsuit be dismissed, but specified that such a dismissal should be without prejudice to any state law claims which Anderson could bring in state court.

Anderson filed objections to the Magistrate Judge's Report on February 17 and February 21, 2005. His February 17 objections said that he should be permitted to file an amended complaint; however, he did not attach a proposed amended complaint, nor state what such a complaint would say. As the Magistrate Judge correctly observed, the Defendants' motion to dismiss alerted Anderson to the legal theories underlying the defendants' challenge, and enabled him meaningfully to respond by opposing the motion to dismiss on legal grounds or by clarifying his factual allegations so as to conform with the requirements of a valid cause of action. These objections are without merit.

In his February 21 objections, Anderson argues that his claims have "legal merit." He says that the jail contained a "premises defect posing an unreasonable risk of harm," and that the jail administration owed him a duty "more than the duty owed to an invitee - to exercise ordinary care to make reasonably safe a dangerous condition about which defendants were aware, and not to injure plaintiff through willful, wanton, or grossly negligent conduct." He cites the Texas Civil Practice and Remedies Code and says that the defendants breached their duty when they knew of the defect and did not warn him of it. He also says that "safe and sanitary living conditions" are a viable claim under Section 1983 as well.

Anderson's objections are, for the most part, plainly grounded on negligence and matters of state law. He uses standard tort language, such as issues of premises defects and unreasonable risks of harm, and cites a Texas code provision in support of his claims. These facts simply show that the Magistrate Judge was correct in determining that his lawsuit falls under state rather than federal law.

Anderson also says that "safe and sanitary conditions of living are grievable claims under Section 1983." However, he has offered no facts showing that the conditions to which he was subjected amounted to a constitutional violation, rather than a state law tort. As the Magistrate Judge observed, the Fifth Circuit has held in other cases that a defective item causing water to accumulate on the floor of a jail cell, resulting in a slip and fall by the inmate, does not rise to the level of a constitutional violation. McLaughlin v. Farries, 122 Fed.Appx. 692 (5th Cir., Sept. 13, 2004) (not selected for publication in the Federal Reporter) (leaking air conditioner); Benton v. Grant, 31 Fed.Appx. 160 (5th Cir., December 27, 2001) (not selected for publication in the Federal Reporter) (leaking ceiling). The Court does not minimize the severity of any injuries which may have been suffered by Anderson, but the Fifth Circuit has held that complaints by prisoners for negligence on the part of prison officials, even where serious injury occurs, do not set out a valid claim under the Civil Rights Act even if such complaints could be valid under state law. Bowie v. Procunier, 808 F.2d 1142 (5th Cir. 1987). Because Anderson's lawsuit is plainly founded upon negligence and state law torts, the proper forum for the claim is in the courts of the State of Texas. The Magistrate Judge's discussion of the case as frivolous was solely for purposes of federal law; the Court offers no opinion as to the merits of any claims which Anderson may bring under state law in state court.

The Court has conducted a careful *de novo* review of the record in this case, including the Plaintiff's pleadings, the Report of the Magistrate Judge, and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as frivolous and for failure to state a claim as to Anderson's claims against the Wood County Detention Center, and as frivolous with prejudice as to its refiling in federal court, but without

prejudice as to any relief under state tort law which Anderson may seek in the courts of the State of Texas, as against Sheriff Daugherty and Winston Kelly.  It is further

ORDERED that any and all motions which may be pending in this lawsuit are hereby DENIED.

**SIGNED this 23rd day of March, 2006.**

_____
WILLIAM M. STEGER
UNITED STATES DISTRICT JUDGE